# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION

## CIVIL CASE NO. 3:07cv164
## (CRIMINAL CASE NO. 3:01cr135)

| | |
|---|---|
| JOHN HENRY STACKS,      ) | |
|      ) | |
|     Petitioner,  ) | |
|      ) | |
| vs.     ) | **MEMORANDUM OF** |
|      ) | **DECISION AND ORDER** |
| UNITED STATES OF AMERICA,  ) | |
|      ) | |
|     Respondent.  ) | |
| _____) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 [Doc. 1]; the Government's *de facto* motion for summary judgment[1] [Doc. 11]; and Petitioner's two responses to the Government's motion for summary judgment [Docs. 13 and 14].

## I. STANDARD OF REVIEW

Rule 56(e)(2) of the Federal Rules of Civil Procedure reads, in pertinent part, as follows:

---

[1] The Government titled its motion as a Motion to Dismiss, but from the context it is clearly a Motion for Summary Judgment and was docketed as such.

> When a motion for summary judgment is properly
> made and supported [by affidavits], an opposing party
> may not rely merely on allegations or denials in its
> own pleading; rather, its response must – by affidavits
> or as otherwise provided in this rule – set out specific
> facts showing a genuine issue for trial. If the
> opposing party does not so respond, summary
> judgment should, if appropriate, be entered against
> that party.

The Court carefully has considered the parties' arguments along with the relevant law, and has determined that Respondent's motion for summary judgment should be granted and Petitioner's Motion to Vacate should be denied and dismissed.

## II.  FACTUAL AND PROCEDURAL BACKGROUND

On July 11, 2001, Petitioner was one of three persons charged in a nine-count Bill of Indictment alleging that he conspired to commit six bank robberies, in violation of 18 U.S.C. § 371 (Count One); that he conspired to possess powder cocaine and cocaine base with intent to distribute those substances, in violation of 21 U.S.C. §§ 841(a)(1) and 846 (Count Two); that he committed a carjacking, in violation of 18 U.S.C. § 2119 (Count Three); that he used, carried and brandished a firearm during and in relation to three separate crimes of violence, in violation of 18 U.S.C. § 924(c)(1) (Counts Four, Six and Eight); that he committed two separate violations of the Hobbs

Act, in violation of 18 U.S.C. § 1951 (Counts Five and Seven); and that he possessed a firearm after previously having been convicted of a felony, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e) (Count Nine). [Criminal Case No. 3:01cr135, Doc. 1]. Also on July 11, 2001, the Government filed an Information pursuant to 21 U.S.C. § 841(b) asserting that the drug conspiracy charged in Count Two involved 50 grams or more of cocaine base. [Id., Doc. 2].

On March 7, 2002, Petitioner's case was transferred, pursuant to Rule 20 of the Federal Rules of Criminal Procedure, to the United States District Court for the District of South Carolina where, on March 9, 2002, he pled guilty to the two § 924(c) charges set forth under Counts Four and Six. [USDC Case 0:02-cr-286-CMC-1 (D.S.C.), Docs. 6 and 7].[2] On December 11, 2002, however, that Court entered an Order allowing Petitioner to withdraw his pleas and returning his case to this District. [Id., Doc. 13].

On July 28, 2003, Petitioner appeared before this Court and tendered "straight up" guilty pleas to all nine counts of the Indictment. [Civil Case No. 3:07cv164, Plea and Rule 11 Transcript, Doc. 10-4 at 5-6]. On that occasion,

---

[2] In addition to the instant charges, the Petitioner also was charged in the District of South Carolina with substantive bank robbery charges for two of the robberies underlying the bank robbery conspiracy charge herein. [Presentence Report, prepared September 15, 2003 at ¶127].

the Court[3] engaged Petitioner in a lengthy colloquy to ensure that his pleas were being intelligently and freely given. At the conclusion of that proceeding, based upon all of the answers from Petitioner and his counsel, the Court determined that he was "willfully, knowingly and intentionally, after a full understanding of all of his rights pertaining to the defense of the matter, tender[ing] a plea of guilty to Counts One [through] Nine." [Id. at 34]. Further, the Court found that Petitioner had not been threatened or made any promises in order to induce his pleas; that he had been encouraged by his attorney to give truthful answers; and that he had, in fact, truthfully answered the Court's questions. [Id. at 34-35]. Accordingly, the Court accepted Petitioner's pleas. [Id. at 35]. Petitioner then requested an expedited Presentence Report and sentencing proceeding. [Id. at 37].

Petitioner's Presentence Report, dated September 15, 2003, calculated his sentencing exposure for each offense. Based upon the Information which the Government filed asserting Petitioner's accountability for more than 50 grams of cocaine base, the Probation Officer determined that his drug conspiracy conviction was the one which yielded the highest offense level. [Presentence Report at ¶67]. Upon grouping Petitioner's offense levels for all

---

[3] Petitioner's Plea hearing was conducted by the Honorable William L. Osteen, Sr., visiting Judge from the United States District Judge for the Middle District of North Carolina, who is now deceased.

but his convictions under § 924(c) and applying a two-level reduction for his acceptance of responsibility, it was further determined that his total offense level was 33. [Id. at ¶¶67, 72 and 96-112]. It was also determined that Petitioner was an armed career criminal with a Criminal History Category of VI and a corresponding guidelines range of imprisonment of 235 to 293 months for those offenses. [Id. at ¶¶112 and 166]. Finally, it was determined that Petitioner was subject to not less than seven years' imprisonment on his first § 924(c) conviction, and to 25 years for each of his other two § 924(c) convictions. [Id. at ¶166].

On October 17, 2003, Petitioner appeared for his Factual Basis and Sentencing Hearing, at which time he sought to withdraw his plea to the drug charge on the reported ground that he only pled guilty to it because an unindicted co-conspirator had threatened to harm his wife and child if he revealed that person's involvement in the offense. [Civil Case No. 3:07cv164, Plea Withdrawal Transcript, Doc. 10-5 at 2]. The Government opposed that request; therefore, the Court deferred ruling on the request until it could review the transcript of Petitioner's Plea and Rule 11 Hearing. [Id. at 6-7].

Petitioner's Sentencing Hearing was reconvened on December 1, 2003. At the outset of that proceeding, Petitioner again denied that he was guilty of the drug charge and advised the Court that he had been "under a great deal

of pressure" at the time he entered his guilty pleas because of the aforementioned threats. [Id., Factual Basis and Sentencing Transcript, Doc. 10-6 at 3]. Petitioner also stated that on the morning that he entered his pleas, he was not his "normal self" because he was under the influence of Prozac, and he could not be sure whether he had told the Court that he understood that proceeding. [Id. at 4-6]. To clarify Petitioner's position, defense counsel advised the Court that Petitioner was seeking to withdraw his pleas with respect to the the drug charges as well as the three § 924(c) charges. [Id. at 6]. The Government again opposed Petitioner's request, reminding the Court that prior to the time that he entered his pleas in this Court, he already had been permitted to withdraw his guilty pleas to two of these charges when his case was pending in the District of South Carolina. [Id. at 7]. The Government further noted that at the time of Petitioner's plea hearing here, he swore that he fully understood that proceeding, and the transcript from the hearing supported the denial of Petitioner's request to withdraw his pleas. [Id. at 7-8].

After considering the parties' arguments, the Court orally denied Petitioner's request to withdraw his guilty pleas. [Id. at 9]. Thereafter, Petitioner was sentenced to a total of 919 months' imprisonment, to wit: 235 months on his convictions for the drug conspiracy, the two Hobbs Act

violations and the armed career criminal offense, 60 months imprisonment on the bank robbery conspiracy and 180 months imprisonment on the carjacking conviction, all terms to be served concurrently with one another and with the 84-month sentence which Petitioner received for his bank robbery convictions in the District of South Carolina. [Criminal Case No. 3:01cr135, Doc. 72]. Petitioner also received consecutive terms of 84 months' imprisonment on his first § 924(c) conviction and 300 months each on his other two § 924(c) convictions. [Id.].

On December 5, 2003, the Court filed an Order memorializing its denial of Petitioner's request to withdraw his various pleas. [Id., Doc. 70]. Specifically, the Order noted that the record established that Petitioner had enjoyed the close assistance of counsel before and during the entry of his pleas; that Petitioner had entered his pleas while undergoing an extremely carefully conducted proceeding; and that had there been any real threat of harm against Petitioner's family or difficulty in his ability to understand the proceeding, had he been laboring under the influence of any drug or other substance that affected his ability to appreciate his circumstances, or had there been any obstacle to his ability to give truthful answers, the Court's detailed and careful questioning would have revealed it. [Id. at 8-9]. Furthermore, the Order explained that Petitioner had failed to present any

credible evidence that his pleas were unknowingly and involuntarily made; and that his self-serving denials of guilt, which were made about three months after he entered his guilty pleas and after his Presentence Report was prepared and reviewed by him and his counsel, simply were not enough to overcome his sworn representations to the contrary. [Id. at 8]. Therefore, the Court concluded that Petitioner's request to withdraw his pleas was not supported by fair and just reasons as required by United States v. Moore, 931 F.2d 245, 248 (4th Cir. 1991). [Id. at 2 and 9].

Petitioner timely appealed to the Fourth Circuit Court of Appeals, arguing that this Court erred by not determining the factual basis for each of his pleas in violation of Rule 11(b)(3) of the Federal Rules of Criminal Procedure, and by denying his request to withdraw his pleas to the drug conspiracy and § 924(c) charges. United States v. Stacks, 122 F. App'x 9 (4th Cir. 2005). The Circuit Court, however, applied the plain error standard to the claim of a Rule 11 violation and concluded that there was no such error. Id. at 10. Furthermore, the Circuit Court found that this Court did not abuse its discretion in denying Petitioner's request to withdraw the subject guilty pleas. Id. Thus, Petitioner's convictions and sentences all were affirmed. Id. Thereafter, Petitioner petitioned the Court of Appeals for a rehearing on the ground that this Court's imposition of his sentence under the mandatory

guidelines system which was in effect at the time he was sentenced constituted plain error in light of the then-recent ruling in United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005); however, that petition was denied. Likewise, Petitioner's petition for a writ of certiorari was denied by the United States Supreme Court. Stacks v. United States, 547 U.S. 1086, 126 S.Ct. 1811, 164 L.Ed.2d 546 (2006).

Petitioner next returned to this Court on the instant Motion to Vacate, first alleging that his Sixth Amendment rights and his right to due process were violated when the Court treated the Guidelines as mandatory and, in turn, sentenced him on the basis of facts which were neither found by a jury nor admitted by him, in violation of Booker, supra, and United States v. Hughes, 401 F.3d 540 (4th Cir. 2005). [Doc. 1 at 5 and 11]. Second, Petitioner claims that his sentence for the carjacking conviction is unreasonable in light of the ruling in Rita v. United States, 551 U.S. 338, 127 S.Ct. 2456, 168 L.Ed.2d 203 (2007). [Id. at 7 and 11]. Third, Petitioner alleges that his entire sentence is unreasonable because this Court failed to consider all of the factors which would have justified a lower sentence, and because the sentence was imposed pursuant to the Circuit Court's rule that a "sentence within the properly calculated guideline grange is presumptively correct." [Id. at 8 and11]. Fourth, Petitioner alleges that the Court abused its

discretion by denying his request to withdraw the subject guilty pleas. [Id. at 12-17]. Last, Petitioner alleges that he was subjected to ineffective assistance of appellate counsel. [Id. at 29].

On October 30, 2007, the Government filed an Answer arguing that Petitioner's challenges to the denial of his motions to withdraw his guilty pleas and to this Court's mandatory application of the Guidelines are barred by the Fourth Circuit's denial of those matters; that his other challenges to his sentences are barred by his procedural default of them, and are baseless in any event; and that his allegations of ineffective assistance of counsel also are baseless. [Doc. 10]. Therefore, the Government filed a motion to dismiss, which the Court converted to a motion for summary judgment. [Docs. 11 and 12].

On November 13, 2007, Petitioner filed a Motion by which he objects to and opposes the Government's motion for summary judgment. [Doc. 13]. Petitioner's Motion asserts that he was suffering from a diminished mental capacity at the time he tendered his guilty pleas. [Id. at 1-2]. The Motion further contends that Petitioner's plea hearing was unconstitutional because the Judge failed to sign a written document memorializing those proceedings; and that he was taken advantage of by the Government because of the threats and coercion and his diminished capacity. [Id. at 2-3 ]. Petitioner also

contends that the Court should have granted his Motion to Vacate and denied the Government's motions for an extension of time to file their response to that Motion. [Id. at 3].

On December 3, 2007, Petitioner filed another Response to the Government's motion for summary judgment seeking to dismiss the Government's Response to his Motion to Vacate. [Doc. 14]. Such Response seeks the dismissal of the Government's motion for summary judgment on the basis of the arguments which Petitioner raised in opposition to the Government's motions for extensions of time, and further reiterates Petitioner's challenges to the constitutionality of his Plea hearing. [Id. at 1-4].

## II. DISCUSSION

### A. Procedural Bar

Petitioner's first claim alleges that his Sixth Amendment rights and his right to due process were violated when the Court treated the Guidelines as mandatory and, in turn, sentenced him on the basis of facts which were neither found by a jury nor admitted by him, in violation of Booker and Hughes. By his fourth claim, Petitioner alleges that the Court abused its discretion in denying his request to withdraw certain of his guilty pleas because it failed to consider various relevant matters in reaching that

decision. As was previously noted, however, the record is clear that the Fourth Circuit rejected these challenges on Petitioner's direct appeal, <u>United States v. Stacks</u>, 122 F. App'x at 10, and it denied his petition for a rehearing of the appeal which was based on the <u>Booker</u> decision.

Petitioner has not identified any favorable intervening change in the law which can be applied in this collateral proceeding; thus, he simply is not free to re-litigate these issues. <u>See</u> <u>United States v. Bell</u>, 5 F.3d 64, 66 (4th Cir. 1993) (the "law of the case" doctrine forecloses re-litigation of issues expressly or impliedly decided by the appellate court); <u>Boeckenhaupt v. United States</u>, 537 F.2d 1182, 1183 (4th Cir. 1976) (absent an intervening change in law, issues decided on direct appeal may not be re-litigated in <u>habeas</u> case). Furthermore, even if Petitioner's <u>Booker</u> claim were not barred by the law of the case doctrine, <u>Booker</u> cannot be retroactively applied in this collateral proceeding. <u>See</u> <u>United States v. Morris</u>, 429 F.3d 65, 72 (4th Cir. 2005) (although <u>Booker</u> announces a new rule for <u>Teague</u> purposes, it is not retroactively applicable on collateral review).

Moreover, Petitioner's reliance upon <u>Hughes</u> is misplaced. Indeed, while the <u>Hughes</u> Court found that the defendant's sentence was plain, reversible error in light of <u>Booker</u>, <u>Hughes</u> offered "no criticism of the district judge, who followed the law and procedure in effect at the time of

[defendant's] sentencing." <u>Hughes</u>, 401 F.3d at 545 n.4.  In any case, the Guidelines were, in fact, mandatory at the time Petitioner was sentenced, <u>see</u> <u>Mistretta v. United States</u>, 488 U.S. 361, 109 S.Ct. 647, 102 L.Ed.2d 714 (1989); therefore, first and fourth claims are both factually and legally baseless.

### B.  Procedural default

Petitioner's second and third claims allege that his carjacking sentence is unreasonable in light of <u>Rita</u>, and his entire sentence is unreasonable because the Court failed to consider all of the factors which would have justified a lower sentence, and it was imposed pursuant to the Circuit Court's rule concerning the presumption of correctness applied to properly calculated guidelines sentences.  Notably, however, Petitioner did not raise these claims on direct appeal.

Generally, claims that could have been, but were not, raised on direct review are procedurally barred by default.  Indeed, "[h]abeas review is an extraordinary remedy and will not be allowed to do service for an appeal." <u>Bousley v. United States</u>, 523 U.S. 614, 621, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998) (citation and internal quotation marks omitted).  Thus, in order to collaterally attack a conviction or sentence based upon errors that could have

been pursued on direct appeal, a petitioner must show cause and actual prejudice resulting from the errors complained of, or that he is actually innocent. United States v. Mikalajunas, 186 F.3d 490, 492-93 (4th Cir. 1999) (citing United States v. Frady, 456 U.S. 152, 167-68, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982)).

Although Petitioner asserts that these claims were not raised due to counsel's ineffectiveness, this conclusory assertion falls far short of establishing "cause" for his procedural default.  As the Supreme Court long ago observed, "the mere fact that counsel failed to recognize the factual or legal basis for a claim, or failed to raise the claim despite recognizing it, does not constitute cause for procedural default." Murray v. Carrier, 477 U.S. 478, 486, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986).  Rather, to establish "cause" for his procedural default of these claims, on this record, Petitioner must "show that some objective factor external to the defense impeded counsel's efforts to comply with the [] procedural rule . . . ." Id. at 488, 106 S.Ct. 2639.

Here, Petitioner has not established cause for his procedural default on the basis of counsel's performance.  Nor has he demonstrated that he is actually innocent of the charges for which he was sentenced.  Therefore, these claims are barred by Petitioner's procedural default.

## C. Ineffective assistance of counsel

By the final claim in Petitioner's Motion to Vacate, he asserts that appellate counsel was ineffective for having moved the Circuit Court, pursuant to Rule 28(j) of the Federal Rules of Appellate Procedure, to remand his case back to this Court for resentencing under Booker and Hughes, rather than submitting those authorities to this Court in support of a motion for re-sentencing. [Doc. 1 at 29]. In support of this claim, Petitioner argues that when counsel subsequently filed a motion for rehearing with the Court of Appeals, counsel conceded that his performance was deficient; and that had counsel timely filed such motion for re-sentencing with this Court, the Circuit Court somehow would have granted the motion and remanded the case for re-sentencing. These allegations are meritless.

The Sixth Amendment requires that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." U.S. Const. amend. VI. In addition, case law requires that to satisfy this right, the assistance must be effective. Strickland v. Washington, 466 U.S. 668, 685, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) ("An accused is entitled to be assisted by an attorney, whether retained or appointed, who plays the role necessary to ensure that the trial is fair."). This right to effective assistance of counsel extends to the direct appeal phase of the case as well. Evitts v.

Lucey, 469 U.S. 387, 396, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985) ("A first appeal as of right . . . is not adjudicated in accord with due process of law if the appellant does not have the effective assistance of an attorney.").

Thus, in order to establish a claim for relief, Petitioner must demonstrate that his appellate counsel's performance was deficient, that is, that it fell below an objective standard of reasonableness when considered in light of the prevailing norms of practice, Strickland, 466 U.S. at 687-88, and that such deficiency prejudiced him such that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

In reviewing claims of ineffective assistance of counsel, "[j]udicial scrutiny of counsel's performance must be highly deferential"; therefore, reviewing courts "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance . . . ." Id. at 689. Petitioner bears the burden of proving Strickland prejudice, and if he fails to do so "a reviewing court need not consider the performance prong." Fields v. Attorney Gen. of Md., 956 F.2d 1290, 1297 (4th Cir. 1992). Finally, it must be remembered that "[a] decision with respect to an appeal is entitled to the same presumption that protects sound trial strategy." Pruett v. Thompson, 996 F.2d 1560, 1568 (4th Cir. 1993).

Petitioner filed his notice of appeal on December 9, 2003.  Thus, as the Government points out, such timely filed notice of appeal conferred jurisdiction over this case upon the Court of Appeals and divested this Court of its "control over those aspects of the case involved in the appeal."  <u>Griggs v. Provident Consumer Discount Co.</u>, 459 U.S. 56, 58, 103 S.Ct. 400, 74 L.Ed.2d 225 (1982); <u>see also</u> <u>United States v. Perate</u>, 719 F.2d 706, 711 (4th Cir. 1983) (filing of notice of appeal terminated the district court's jurisdiction over the case).   For this reason it would have been futile for counsel to have filed a motion for resentencing with this Court while the appeal was pending, because this Court no longer had jurisdiction to entertain challenges related to Petitioner's sentence.

Furthermore, Rule 28(j) of the Federal Rules of Appellate Procedure provides that "[i]f pertinent and significant authorities come to a party's attention after the party's brief has been filed  -- or after oral argument but before decision -- a party may promptly advise the circuit clerk by letter . . . setting forth the citations . . . [and] the reasons for the supplemental citations . . . ."  Fed. R. App. P. 28(j).  At the time that <u>Booker</u> was decided, Petitioner's case already had been briefed and was awaiting disposition by the Circuit Court. Thus, it was entirely appropriate for counsel to have brought that new

precedent to the attention of the Court of Appeals, as opposed to filing anything in this Court.

Contrary to Petitioner's assertion, counsel's decision to seek rehearing at the Court of Appeals was not a concession of ineffectiveness. Counsel had served his Rule 28(j) supplemental authorities on January 27, 2005. Unbeknownst to counsel, the Court of Appeals had issued its decision on Petitioner's appeal the day before (even though no mandate had yet been issued). Thus, in order to get the additional authorities before the Court of Appeals, counsel filed the petition for rehearing. Far from showing ineffective assistance, counsel show remarkable diligence, filing the Rule 28(j) authorities only three days after the issuance of the opinion cited. Rule 35 of the Federal Rules of Appellate Procedure provides that a party may petition for a rehearing when it is believed that "the panel decision conflicts with a decision of the United States Supreme Court or of [this Circuit] Court." Fed. R. App. P. 35(b)(1)(A). Therefore, appellate counsel's decision to seek rehearing was proper and manifests no error.

### D. Miscellaneous arguments

Finally, Petitioner's motion in opposition to the Government's motion for summary judgment and his Response to that motion each attempt to raise

additional challenges to his convictions and sentences. [Docs. 13 and 14]. For instance, Petitioner asks the Court to consider his arguments in opposition to the Government's Motions for Extensions of time [Docs. 5, 8 and 9] as grounds for granting his Motion to Vacate. Suffice it to say, however, Petitioner's opposition to the Government's properly filed Motions for Extensions of time do not entitle him to *habeas* relief.

Petitioner also argues that his plea hearing was unconstitutional because the presiding Judge failed to sign a document which memorialized that proceeding. This argument was not raised in Petitioner's appeal, however, and he has not articulated any reason to excuse his procedural default of it. Nor was this argument raised prior to the expiration of Petitioner's one-year deadline under the Antiterrorism and Effective Death Penalty Act. See 28 U.S.C. § 2255(f) (generally requiring that all habeas claims be brought within one-year of the date on which the movant's case became final either through direct review or the expiration of the time for bringing such direct review). Therefore, this claim, which appears to be time-barred in any case, clearly is procedurally defaulted. See Bousley, 523 U.S. at 621, 118 S.Ct. 1604.

Finally, Petitioner's documents also attempt to modify his challenge to his guilty pleas, claiming that he was suffering from a diminished mental

capacity and was taken advantage of by the Government at the time he entered those pleas.   To the extent that these allegations significantly differ from the challenge which already was rejected by the Circuit Court, they still are barred due to Petitioner's unexcused failure to raise them on direct appeal.  Id.

## IV.  ORDER

**IT IS, THEREFORE, ORDERED THAT**:

1. Petitioner's Motion of Objection [Doc. 13] is **DENIED**;

2.   The Government's de facto motion for summary judgment [Doc. 11]  is **GRANTED**; and

3.  Petitioner's Motion to Vacate, Set Aside or Correct Sentence [Doc. 1] is **DENIED and DISMISSED.**

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has failed to establish that reasonable jurists would find that this court's assessment of his constitutional claim is debatable or wrong, Slack v. McDaniel, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000); Miller-El v. Cockrell, 537 U.S. 322, 336-38, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003).  Moreover, Petitioner has failed to demonstrate both that this Court's dispositive procedural rulings are

debatable and that his Motion to Vacate states a debatable claim of the denial of a constitutional right. <u>Slack</u>, 529 U.S. at 484-85.

**IT IS SO ORDERED**.

Signed: September 8, 2010

Martin Reidinger
United States District Judge