# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

## CIVIL CASE NO. 3:07cv164
## (CRIMINAL CASE NO. 3:01cr135)

| | |
|---|---|
| JOHN HENRY STACKS, JR., )<br> )<br>Petitioner, )<br> )<br>vs. )<br> )<br> )<br>UNITED STATES OF AMERICA, )<br> )<br>Respondent. )<br>_____ ) | **O R D E R** |

**THIS MATTER** is before the Court upon the following motions filed by Petitioner:

(1) "Motion [for] Leave to File a Rule 12(b)(3)(B) [Motion]" [Doc. 22];

(2) "Motion to Dismiss Counts 2-9" [Doc. 23]; and

(3) "Matter/Motion Pursuant to Rule 1, Fed. R. Civ. P./Rule 2, Fed. R. Crim. P.'s Administrative Purposes in the Nature of Mandamus" [Doc. 26].

## I. PROCEDURAL BACKGROUND

On July 28, 2003, the Petitioner pled guilty to the offenses of conspiracy to commit six bank robberies, in violation of 18 U.S.C. § 371; conspiracy to possess with intent to distribute powder cocaine and cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 846; carjacking, in violation of 18 U.S.C. § 2119; using, carrying, and brandishing a firearm during and in relation to three separate crimes of violence, in violation of 18 U.S.C. § 924(c)(1); violations of the Hobbs Act, in violation of 18 U.S.C. § 1951; and possession of a firearm after previously having been convicted of a felony, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). The Petitioner was sentenced on December 1, 2003 to a total of 919 months of imprisonment. [Doc. 72]. Petitioner timely appealed. The Fourth Circuit Court of Appeals affirmed his convictions and sentence. United States v. Stacks, 122 F. App'x 9 (4th Cir. 2005). The United States Supreme Court denied the Petitioner's petition for a *writ of certiorari*. Stacks v. United States, 547 U.S. 1086, 126 S.Ct. 1811, 164 L.Ed.2d 546 (2006).

Petitioner then filed a motion to vacate pursuant to 28 U.S.C. § 2255. [Doc. 1]. On September 9, 2010, the Court entered an Order denying the Petitioner's motion. [Doc. 15]. The Petitioner appealed to the Fourth Circuit. [Doc. 17]. The Fourth Circuit denied a certificate of appealability and

2

dismissed his appeal on January 20, 2011. United States v. Stacks, 408 F. App'x 666 (4th Cir. 2011). The United States Supreme Court denied the Petitioner's petition for a *writ of certiorari* on June 13, 2011. Stacks v. United States, 131 S.Ct. 3009, 180 L.Ed.2d 834 (2011).

## II. DISCUSSION

The Petitioner now seeks leave to file a motion to dismiss certain counts of the Indictment pursuant to Rule 12(b)(3)(B) of the Federal Rules of Criminal Procedure. By its terms, Rule 12(b) applies only to the filing of *pretrial* motions. Fed. R. Crim. P. 12(b)(3) (identifying the motion that "must be raised *before trial*") (emphasis added). This Rule has no applicability to post-conviction proceedings. See Key v. United States, No. CRIM. A. 5:95-00195001, Civ. A. 5:01-0633, 2001 WL 34554182, at *1 (S.D.W.Va. Aug. 3, 2001). Accordingly, Petitioner's motion for leave to file a Rule 12(b)(3)(B) motion to dismiss [Doc. 22] must be denied.

Petitioner has actually filed this motion in two separate documents. He filed a motion seeking leave to file his Rule 12(b)(3)(B) motion [Doc. 22] simultaneously with his motion to dismiss. [Doc. 23]. For the reasons state above, however, both are without merit. Therefore, both the leave to file the motion to dismiss [Doc. 22] and the motion to dismiss [Doc. 23] will be denied.

Finally, the Petitioner moves the Court for an appropriate order disposing of his motion. [Doc. 26]. With the entry of this Order, the Petitioner's motion is rendered moot.

To the extent that the Petitioner's motions can be considered to be petitions pursuant to 28 U.S.C. §2255, the Court further finds that the Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong) (citations omitted). As a result, the Court declines to issue a certificate of appealability. Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts.

**IT IS, THEREFORE, ORDERED** that Petitioner's "Motion [for] Leave to File a Rule 12(b)(3)(B) [Motion]" [Doc. 22] and "Motion to Dismiss Counts 2-9" [Doc. 23] are **DENIED.**

**IT IS FURTHER ORDERED** that Petitioner's "Matter/Motion Pursuant to Rule 1, Fed. R. Civ. P./Rule 2, Fed. R. Crim. P.'s Administrative Purposes in the Nature of Mandamus" [Doc. 26] is **DENIED** as moot.

**IT IS FURTHER ORDERED** that the Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

Signed: October 25, 2011

Martin Reidinger
United States District Judge